SMITH, WHITCOMB & COOK et al. *v.* BARRE WATER COMPANY.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed September 3, 1901.

*Construction of statutes—"Other purposes" construed to mean other purposes like those enumerated—*In the provision of the charter of the Barre Water Company authorizing the company to take water for the extinguishment of fires, and for domestic, sanitary and other purposes, the words "other purposes" mean other purposes like those specially mentioned.

. *A private use and public uses distinguished—*A use of water for polishing granite has none of the elements of a public use and in that respect is unlike fire, domestic or sanitary uses.

*In Re Barre Water Company,* 62 Vt. 27, followed.

CHANCERY.    Washington County.    At the March Term, 1901, *Watson,* Chancellor, the cause came on to be heard on

bill and answer, and thereupon it was decreed, *pro forma,* that the bill be dismissed.   The orators appealed.

The orators were Smith, Whitcomb & Cook, the Stafford & Holden Manufacturing Company and J. W. Phelps, all having mills situated as the opinion shows.   The bill prayed that the defendant might be enjoined from using the waters of the stream in question for the purpose of polishing stone.

*Frank J. Martin* and *W. A. Boyce* for the orators.

*Gordon & Jackson, William Wishart* and *W. E. Barney* for the defendant.

START, J.   This cause was heard on the bill and answer thereto, under an agreement, that, if it is adjudged that the defendant is liable in respect to the matters alleged in the bill, the cause shall be remanded to the Court of Chancery for further hearing.   It appears that the defendant, under a charter granted in 1886, which authorized the taking of water for the town of Barre, now the City of Barre, and the inhabitants thereof for the extinguishment of fires and for domestic, sanitary, and other purposes, has condemned certain lands and water rights and built a dam across a stream called "Jail Branch," at a point some two miles above the orators' mills, and, by means of an aqueduct, has conducted water from the stream to the City of Barre, and is there furnishing certain persons and corporations with water for polishing granite. The water used for this purpose diminishes the water supply which the orators formerly had at their mills for power purposes, and the orators contend that this use of the water is not authorized by the defendant's charter.   The words, "other purposes," in this charter were construed by this court in *Re Barre Water Company,* 62 Vt. 27, and it was then considered that they referred to purposes of the same kind as those specially mentioned, and to mean other like purposes, or other like public purposes.   Adopting this construction, we have for con-

sideration the question whether a use of water for polishing granite is like a use for fire, domestic or sanitary purposes.

The use of water for polishing granite is a use in a business or trade carried on by private parties for manufacturing, for sale, monuments and other articles out of granite, and must be regarded as a private use for manufacturing purposes. The business is one in which the public has no direction or control. The parties engaged in this business are under no duty to serve the public or individuals. No one has a right to have granite polished at their mills or to be employed therein. Such use of water is strictly private and has none of the elements of a public use, like a use for fire, domestic and sanitary purposes. When this charter was under consideration in *Re Barre Water Company,* the defendant contended that it had a right, under the charter, to take and use water for running small motors for light manufacturing, and to rent water for that purpose; but it was held that such use was not a public use and was not authorized by the charter, and damages were then awarded to the owners of mills situate below the defendant's dam, on the basis that water could be taken and used only for fire, domestic and sanitary purposes. We see no reason for distinguishing the use then contended for by the defendant, and held not authorized by the charter, from the use now contended for. Both uses are for manufacturing purposes, strictly private, and, in no sense, like a use for fire, domestic or sanitary purposes. It is, therefore, considered that the renting or furnishing of water for polishing granite is a use not authorized by the charter.

*Decree reversed and cause remanded with mandate.*